UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 JUN -7 PM 3:54

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| Richard N. Bell ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| Cameron Taylor ) | **1:11-cv-0766 SEB-TAB** |
| Taylor Computer Solutions ) | |
| Event Premium Tickets ) | |
| Insurance Concepts ) | |
| Fred O'Brien ) | |
| Premium Sport Tours Pty. Ltd. ) | |
| ForeclosureWarehouse.com, Inc. ) | |
| The Fixx Hair Studio ) | |
| ) | |
| Defendants | |

## COMPLAINT

### *JURISDICTION AND VENUE*

1. This copyright infringement action arises under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (acts of Congress related to copyright). The Court also has discretionary jurisdiction over Count II.

2. This Court has personal jurisdiction over the all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff resides in this district and because all the Defendants conduct business in this district.

## *PARTIES*

4. The Plaintiff, Richard N. Bell is an attorney and a professional photographer and lives in Indianapolis, Indiana.

5. Defendant, Event Premium Tickets is located in North Fort Myers, FL 33903 and conducts business in this district.

6. Defendant, Insurance Concepts is located in Plainfield, IN and conducts business in this district.

7. Defendant. Fred O'Brien, which owns Insurance Concepts, is located in Plainfield, IN and conducts business in this district.

8. Defendants, Cameron Taylor and Taylor Computer Solutions are located in Indianapolis, IN and conducts business in this district.

9. Defendant, Premium Sport Tours Pty. Ltd. is located in Australia and conducts business in this district.

10. Defendant, ForeclosureWarehouse.com, Inc. conducts business in this district.

11. Defendant, The Fixx Hair Studio is located in Indianapolis, IN and conducts business in this district.

## FACTS

12. In March 2000, the plaintiff, a United States citizen, took a photograph of downtown Indianapolis.

13. The photograph is an original work that may be copyrighted under United States law. A copy of the photo is attached as Exhibit A, hereinafter referred to as "Indianapolis Photo"

14. Since March 2000, the plaintiff has either published or licensed for publication all copies of the Indianapolis Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

15. Indianapolis Photo was first published on the World Wide Web on August 29, 2000 by the user's account on Webshots.

## COUNT I

## COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION

16. After August 29, 2000, The Defendants published Indianapolis Photo and used the Indianapolis Photo for their commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff, the owner of the copyright.

3

17. The plaintiff has notified the Defendants in writing of the infringement and demanded that the Defendants pay for the unauthorized past use of the Indianapolis Photo.

18. The Defendants refuse to pay for the unauthorized use of photo.

19. The Defendants continues to infringe the copyright by continuing to publish the infringing photo in violation of the copyright, and further has engaged in unfair trade practices and unfair competition in connection with its publication of the infringing photo, thus causing irreparable damage.

20. Plaintiff have complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works. Plaintiff have been and still are the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

21. Defendants' conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

22. On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize

profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

23. Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

24. On information and belief, Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

25. As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted articles described above, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff also seek a resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

THEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

    b. Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys,

    related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Plaintiff's copyrighted articles or copyrighted material without consent or otherwise infringing Plaintiff's copyrights or other rights in any manner;

c. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyrights or such damages as are proper, and since Defendants intentionally infringed plaintiff's copyrights, for the maximum allowable statutory damages for each violation;

d. Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

e. Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

f. Awarding Plaintiff such other and further relief as is just and proper.

## COUNT II

## THEFT

26.    The Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

27.    The Defendants has knowingly or intentionally exerts unauthorized control over property of the Plaintiff and therefore has committed criminal conversion, which is a violation of IC 35-43-4-3.

THEREFORE, Plaintiff prays for Damages as set forth in IC 34-24-3-1 as follows:

a. An amount not to exceed three (3) times the actual damages of the person suffering the loss.

    b. All other statutory costs and costs of the action.

    c. A reasonable attorney's fee.

    d. All other reasonable costs of collection.

    e. Awarding Plaintiff such other and further relief as is just and proper.

Respectfully Submitted:

Date: June 7, 2011

*/s/ Richard N. Bell*
Richard N. Bell

Richard N. Bell, Atty No. 2669-49
Bell Law Firm
5732 E Fall Creek Parkway, N. Dr.
Indianapolis, Indiana 46226
(317) 251-5093
(317) 690-2053  Cell
richbell@comcast.net