UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CAMERON TAYLOR, | ) |
| TAYLOR COMPUTER SOLUTIONS, | ) |
| INSURANCE CONCEPTS, | ) |
| FRED O'BRIEN, | ) |
| FORECLOSURE WAREHOUSE.COM, INC., | ) |
| INDY CLEANING PROS, | ) |
| JAMES ALLEN, | ) |
| KAREN ALLEN, | ) |
| SHANNA CHEATAM, | ) |
| AILS, | ) No. 1:11-cv-00766-TWP-DKL |
| MAXSCLEAN LLC, | ) |
| HOMEROUTE, | ) |
| INFORED MEDIA, LLC, | ) |
| REDOUANE CHIOUA, | ) |
| AMERICAN AUTO TRANSPORT, | ) |
| NATIONAL COMMUNICATIONS | ) |
| COMPANY, LLC, | ) |
| ABONET, | ) |
| CITIES ONLINE, | ) |
| SHELLY RUPEL, | ) |
| BEN MCCANN, | ) |
| NEIL COX, | ) |
| MARK ARRUDA, | ) |
| | ) |
| Defendants. | ) |

## ORDER TO SHOW CAUSE

Upon independent review of the docket, it has come to the Court's attention that Plaintiff's Complaint fails to comply with the statutory requirements of 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this

title."). Mr. Bell asserts his copyright interest in the Indianapolis photograph, but has not alleged that he has registered or preregistered a copyright in the photograph. *See Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1247 (2010) (holding that Section 411(a) is a nonjurisdictional precondition to filing a copyright action); *Hard Drive Prods., Inc. v. Does 1–55*, No. 11 C 2798, 2011 WL 4889094, at *3 (N.D. Ill. Oct. 12, 2011) (noting that registration of a copyright is an element of an infringement claim). Although the Seventh Circuit has not expressly ruled on this issue, this Circuit appears to follow the application approach. In *Chicago Board of Education,* 354 F.3d at 631 (7th Cir. December 31, 2003) the court noted that "[a]lthough a copyright no longer need be registered with the Copyright Office to be valid, an application for registration *must be filed* before the copyright can be sued upon." (emphasis added); *cf.* Furkin v. Smikun, No. 07–1067, 2007 WL 1493866, at *3 (7th Cir. May 16, 2007) (noting, in discussing the statute of limitations with respect to copyright infringement claim, that even if appellant's complaint was liberally construed as timely, "it would not save [plaintiff's] lawsuit" because he "has not attempted to register a copyright, a prerequisite for a suit for copyright infringement.").

Pursuant to the procedure set forth in *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177 (7th Cir. 1989), Mr. Bell is ordered to show cause why his Complaint shall not be dismissed *sua sponte* for failure to state a claim under the Copyright Act. Mr. Bell has 14 days from the date of this Order to comply.

Date: 11/19/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

BEN MCCANN
705 N. Shore Boulevard
Franklin, IN 46131

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

David F. Hurley
HURLEY & HURLEY PC
dhurley@hurley-legal.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com